DICKSON v. JUDGE OF RECORDER'S COURT OF DETROIT.

1. Sheriffs—Courts—Summoning Jurors.

Section 12 of Act No. 204, Pub. Acts 1893, creating a board of jury commissioners for courts of record in Wayne county, which provides that the clerk of the court shall make out a *venire facias* for the summoning of jurors, and deliver the same to the sheriff, applies to the recorder's court of Detroit, and is mandatory, requiring the *venire* to be delivered to the sheriff.

2. Same—Mandamus—Parties.

The clerk of the recorder's court, though acting under the direction of the judge thereof, was properly impleaded with the latter in *mandamus* proceedings by the sheriff to compel the delivery of such *venire* to him.

*Mandamus* by Henry A. Dickson, sheriff of Wayne county, against James Phelan, judge of the recorder's court of the city of Detroit, and John A. Grogan, clerk of said court, to compel the delivery to relator of a *venire facias* for the summoning of certain jurors. Submitted April 26, 1904. (Calendar No. 20,512.) Writ granted May 5, 1904.

*Charles D. Joslyn,* for relator.

*James H. Pound,* for respondents.

Per Curiam. Respondent Grogan, clerk of the recorder's court, by direction of his co-respondent, judge of said court, delivered to the superintendent of the metropolitan police of Detroit a *venire facias* for the summoning of jurors for said court. Relator seeks by these proceedings a *mandamus* compelling the delivery of said *venire facias* to him.

Section 12 of Act No. 204 of the Public Acts of 1893, creating a board of jury commissioners for courts of record in the county of Wayne, provides that, after the

drawing of jurors, the clerk of the court "shall immediately make out a *venire facias*, and deliver the same to the sheriff of Wayne county, which shall command him, or any of his deputies, to summon the persons therein named to be and appear in said court at the term thereof for which they were drawn to serve as petit jurors, and not depart from the same until discharged, under penalty as the court may impose." Section 17 of said act requires the sheriff to "proceed as soon as possible to summon such jurors forthwith to attend such court."

In our judgment, these sections and the law containing them apply both to the recorder's court of the city of Detroit and the circuit court for the county of Wayne. They apply both to the regular jurors and talesmen named in the *venire facias* under consideration. See sections 12, 16, 17, and 18 of said act. Their provisions are mandatory, and no official has a right to disregard them. If any provisions of earlier laws authorized the delivery of this *venire facias* to the superintendent of police, such provisions are inconsistent with the above sections, and are expressly repealed by section 27 of said Act No. 204 of the Public Acts of 1893.

It was not improper to make the respondent clerk a party to these proceedings. We recognize that it was his moral duty to obey the direction of the judge. But relator cannot obtain the relief to which he is entitled unless a *mandamus* issues against both respondents.

Having reached the conclusion that relator is the only official who can legally summon these jurors, we can give no consideration to the argument that it would be more economical to have them summoned by some other official. We should usurp power never granted us should we change laws in the interest of economy or for any other reason.

The *mandamus* prayed for will issue, but without costs.