## CIVIL SERVICE COMMISSION OF THE CITY OF DETROIT *v.* ENGEL.

MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—CIVIL SERVICE—
DETROIT CHARTER—RECORDER'S COURT OF THE CITY OF DETROIT.

Under Act No. 326, Local Acts 1883, and Act No. 55, Pub.
Acts 1857, and other local acts constituting the city charter
of the city of Detroit, the recorder's court, established by
said local acts, is a State court administering the criminal
law and other law and statutes of the State, the court
being established by the legislature and having a juris-
diction which the electors of the city could not confer.
Accordingly, on a bill of complaint of the civil service
commission of said city against the city controller to
obtain an injunction against the payment of the salary
of an appointee of said court, it is *held*, that the civil
service provisions of the charter, under Act No. 5, Pub.
Acts 1913, amending the same so as to place employees
of the municipality under the civil service commission,
was not subject to the amendment; the electors not having
authority to interfere with the incidental powers possessed
by the recorder in exercising general jurisdiction of the
court in appointing clerks.

Appeal from Wayne; Murphy, Van Zile, and Halley,
JJ.  Submitted January 28, 1915.  (Docket No. 109.)
Decided June 30, 1915.

Bill by the civil service commission of the city of
Detroit against George Engel, city controller, to en-
join the payment of the salary of a clerk of the
recorder's court.  From an order denying the injunc-
tion and dismissing the bill, complainant appeals.
Affirmed.

*Robert T. Speed,* for appellant.

*Richard I. Lawson,* for appellee.

*William F. Connolly,* Recorder, *in pro. per.*

The recorder's court of Detroit is established by the city charter. Act No. 55, Laws of 1857; Act No. 326, Local Acts of 1883; Act No. 408, Local Acts of 1893; section 280 *et seq.*, Charter of Detroit, Compilation of 1904. Section 7, chap. 12, of the act provides:

"There shall be a clerk and two deputy clerks of said court, who shall be appointed by the recorder, and a memorandum of such appointments shall be entered upon the records of said court. Such clerk and deputy clerks shall hold their respective offices for the term of six years from and after January sixteenth, eighteen hundred and ninety-four, and until their successors are duly appointed and qualified. The common council of said city shall have the power, and it shall be their duty whenever the business of the court so requires, to provide by ordinance for additional deputy clerks and assistants. They shall prescribe in said ordinance the terms of office, compensation and amount of bond required of such additional deputy clerks and assistants. The recorder shall appoint the additional clerks and assistants authorized by said ordinance in the same manner as is provided for the appointment of the clerk. The recorder shall have power at any time to remove such clerk, deputy clerks, and assistants for incompetence or serious neglect in the performance of their duties; and in case of such removal or of a vacancy in the said office by the death of said clerk, deputy clerks, or assistants or otherwise, the said recorder shall fill the unexpired term by a new appointment."

Section 9 provides:

"It shall be the duty of said clerk to keep a true record of the proceedings of said court, in the proper books to be provided therefor; to enter and record all orders, decrees and judgments, and file and safely keep all books and papers belonging to or pertaining to said court. He shall sign and seal all writs and process issuing from said court, and shall have power generally to administer oaths and take affidavits and acknowledgments, and to do all acts authorized by law to be done by clerks of circuit courts of this State, so far as the same may be applicable. He shall

receive all fines and costs imposed by said court, and within a reasonable time pay the same to the county treasurer of Wayne county, and take a receipt therefor, except such fines and costs as may be imposed for violation of city ordinances, which shall be received by the city attorney and by him paid to the city treasurer. He shall receive a salary of three thousand dollars per annum, which shall be payable out of the treasury of said city."

Deputy clerks are given the power of the clerk, and a salary voted by the common council. The jurisdiction of the court is:

"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State, for crimes, misdemeanors, and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of said city, and shall have power to issue all lawful writs and process, and to do all lawful acts which may be necessary and proper to carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which the circuit courts of this State, within their respective jurisdictions, may, in like cases, issue and do by the laws of this State: *Provided,* That this section shall not be construed to prevent the grand jury for the county of Wayne from inquiring into and presenting indictments, as heretofore, for crimes and offenses committed within the limits of said city.    *    *    *

"Said recorder's court shall have exclusive cognizance of all prosecutions for offenses arising under this act, or any ordinance or regulation of the common council."

The city, pursuant to Act No. 5, Pub. Acts 1913, amended its charter so as to provide for a civil service commission and for civil service, specifying that:

"The following shall not be affected as to their election, selection or appointment by the rules made by said commission, viz.: Officers elected by the peo-

ple, or who are by statute required to be appointed by the mayor or by the common council on the nomination of the mayor; inspectors and clerks of election; the one deputy, secretary or assistant of any of the departments or commissions, who in case of a vacancy in an office or inability of the chief of the department or commission to perform his duties, would be entitled to perform the duties of the office until the vacancy is filled or the inability removed; the mayor's secretary and stenographer. Excepting, as above provided, all officers, clerks and subordinates of all offices, departments and commissions of said city, whether now existing or hereafter created, shall be selected and appointed as herein provided, but the officers, clerks and other employees in the service of said city, when this amendment shall take effect, unless removed for cause, shall be entitled to retain their positions except as herein otherwise provided. They shall not be transferred or promoted, however, without first passing a noncompetitive examination provided by said commission."

Thereafter one Leo Kwidzinski was, without the indorsement of the commission, appointed by the court to a clerical position, and the civil service commission filed a bill in the circuit court for the county of Wayne, in chancery, for the purpose of enjoining the city controller from paying the appointee his salary. There was an answer, and a hearing on bill and answer before three of the judges of the court, who agreed to an order denying the writ of injunction.

The complainant, appellant, contends:

"(1) That as the recorder's court is a part of the city charter, the electors of the city of Detroit have the right, under section 21 of article 8 of the Constitution, to amend that part of the charter establishing said court; and

"(2) That the recorder's court is a 'municipal department,' within the meaning of section 4 (p) of Act No. 5 of the Public Acts of 1913, and that therefore the electors of the city of Detroit have the right

to amend that part of the city charter establishing said court."

On the other hand, it is contended that in the discharge of its most important functions the recorder's court is a State governmental agency, a part of the judicial department of the State government, which could not be created, with the same jurisdiction, by action of the electors of the city of Detroit, but by the legislature only; that if one part of the legislative enactment in this behalf may be amended by the electors of the city, any and every part of it may be thus amended; that the court having been established by the legislature, with power to appoint its clerks, the power cannot be abridged by the action of the electors of the city; that the electors of the city have power only to legislate upon matters of purely local concern.

OSTRANDER, J. (*after stating the facts*). It is conceivable that the selection of a clerk or a deputy clerk by the recorder would not be greatly interfered with if he was obliged to choose from a number of persons approved by the civil service commission; indeed, it might occur that the person whose appointment is now contested would be, upon application, so approved. The power of appointment would not be taken away, although the selection would be made from a more or less limited number of persons. But I think the point presented for decision cannot be disposed of upon this view of the matter. It would seem that the recorder has, or has not, an unqualified power to appoint, with a qualified power to remove, the clerk and his deputies, and, if the power to appoint is not qualified, it ought so to be declared.

The recorder's court is a court established by the legislature, although its creation is evidenced by the charter of the city, which is a local law. It is a court

of record, with jurisdiction to try persons accused of crimes committed within the city. The execution of the criminal laws of the State is a matter of State concern, and in this respect the court possesses a jurisdiction which the electors of the city cannot confer. Power to amend the charter the electors have, but not power to interfere with the jurisdiction of this court, in so far as it relates to matters of State concern. It follows, logically, that the electors may not, by amendment of the charter, interfere with the incidental powers possessed by the recorder in exercising the jurisdiction which the court possesses, such as the appointment of necessary clerks of the court.

The decree of the court below is affirmed, but without costs of this appeal to either party.

BROOKE, C. J., and McALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.