JASNOWSKI v. CONNOLLY.

1. CRIMINAL LAW—INDICTMENT AND INFORMATION—GRAND JURIES —STATUTES.
   The only statutory methods whereby one may be prosecuted in the recorder's court of the city of Detroit are upon an indictment returned by a grand jury sitting in the circuit court for the county of Wayne and duly certified and transmitted by the clerk of the circuit court to the recorder's court, and upon an information signed by the prosecuting attorney of the county of Wayne, upon which shall be indorsed the names of the witnesses known to him, and which may be filed during the term in the recorder's court.

2. COURTS—RECORDER'S COURT OF DETROIT—JURISDICTION—STATUTES.
   The recorder's court of the city of Detroit is, in a sense, a court of limited jurisdiction, deriving its authority from the statute only.

3. SAME—RECORDER'S COURT OF DETROIT—SUMMONING GRAND JURY.
   No authority rests in the recorder's court of the city of Detroit under the city charter to order the summoning of a grand jury for such court.

4. SAME—RECORDER'S COURT OF DETROIT—DETROIT CHARTER—CONSTITUTIONAL LAW.
   The provisions of the Detroit city charter, limiting the jurisdiction and practice of the recorder's court and giving it no power to order the summoning of a grand jury, do not infringe any constitutional provision.

5. GRAND JURY—STATUTES—JURISDICTION.
   Under 3 Comp. Laws, § 11876 (3 Comp. Laws 1915, § 15703), a grand jury must have the power and be at liberty to inquire for the whole county.

Petition by Charles H. Jasnowski, prosecuting attorney of Wayne county, against William F. Connolly, judge of the recorder's court of Detroit, for a writ of prohibition restraining the calling of a grand jury

197—Mich.—17.

for said court.  Submitted June 6, 1917.  (Calendar No. 27,940.)  Writ granted July 26, 1917.

*Charles H. Jasnowski,* Prosecuting Attorney, and *Paul W. Voorhies,* Assistant Prosecuting Attorney, for plaintiff.

*James H. Pound,* for defendant.

STONE, J.  On the 2d day of March, 1917, a resident of the city of Detroit filed in the recorder's court of that city a petition requesting said court to enter an order calling a grand jury to sit in and for said court. On the day following an order was made by respondent directing the board of jury commissioners of Wayne county to file with the clerk of said court on or before the 8th day of March, 1917, a list of 50 suitable persons from whom a grand jury in and for said recorder's court should be selected.  On said 8th day of March, the jury commission filed with the clerk of said court said list, as ordered by the said recorder; the drawing of the names from said list being at that time postponed.

On the 14th day of March, 1917, the relator filed with said recorder a motion praying that an order might be made vacating the order of March 3, 1917. After arguments, and on April 17, 1917, the respondent filed his decision overruling the motion of relator to vacate said original order, but amending his original order to the effect that he ordered the said jury commission to prepare a list of 150 qualified jurymen instead of the 50 originally called for, and directing the said jury commission to draw from said list the names of 23 persons to serve as grand jurors in and for said court, which said persons were to be summoned to be and appear before the said recorder's court on May 10, 1917, which was the date named for the sitting of said grand jury.  Later an order

was made by the respondent extending the time for the calling of said grand jury, and setting the date whereon said grand jury should assemble for its first sitting as the 20th day of May, 1917.

In the meantime this petition for a writ of prohibition to prohibit the said respondent from taking any further action, or making any further order looking toward the calling of said grand jury in and for said recorder's court was filed, and an order to show cause was granted. The proceeding was brought on the theory that there is no authority in law, either statutory or otherwise, for the calling of a grand jury by or for said recorder's court, and that the only court in the county of Wayne having authority to call a grand jury is the circuit court in and for said county.

Without going into the history of the grand jury, which would be more interesting than profitable here, it is sufficient to say that in this country the manner of selecting and procuring the attendance of grand jurors is now wholly regulated by local statutes in the various States. Edwards on the Grand Jury, p. 47.

The relevant provisions of the general statute and the charter of the city of Detroit are as follows:

By Act No. 204, Pub. Acts of 1893, there was created a board of jury commissioners in the county of Wayne. This act has from time to time been amended in some of its provisions, but section 22 has remained unchanged. It provides as follows:

"Said board of jury commissioners shall, when ordered by the circuit court for the county of Wayne, make a list of suitable persons having the qualifications of petit jurors to serve as grand jurors. Such list shall contain one hundred and fifty names, *and shall be made up from the county at large,* without reference to any division into wards or townships; and when a grand jury shall be ordered to be drawn, the jury commissioners shall give the same notice and

take the same proceedings as is provided in the case of drawing petit jurors, for drawing the names of twenty-three persons from said list of grand jurors to serve as grand jurors, and the same shall be summoned and serve in like manner and with like pay as petit jurors."

The present power of the recorder's court is governed by the provisions of the charter of the city of Detroit of 1904, which at paragraph 290 provides:

"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State for crimes, misdemeanors and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit or by the justices of the peace of said city; and shall have power to issue all lawful writs and process and to do all lawful acts which may be necessary and proper to carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process and to do all acts which the circuit courts of this State within their respective jurisdictions may in like cases issue and do by the laws of this State: *Provided,* That this section shall not be construed to prevent the grand jury for the county of Wayne from inquiring into and presenting indictments as heretofore, for crimes and offenses committed within the limits of said city."

Paragraph 291 of said charter is as follows:

"All indictments for all offenses committed within the limits of the city of Detroit which may be found and presented to the circuit court for the county of Wayne by the grand jury of said county shall be forthwith certified and transmitted by the clerk of the said circuit court to said recorder's court, and thereupon said recorder's court shall have as full and complete jurisdiction of said indictments as if the same had been originally presented to said recorder's court, and shall have full power to take all further proceedings thereon."

Paragraph 292 of the charter provides:

"Except as provided in the preceding section, prosecutions in the recorder's court for crimes, misdemeanors and offenses arising under the laws of this State, and within the jurisdiction of said court, shall be by information, as provided for in chapter 261 of the Compiled Laws of 1871."

Chapter 261 of the Compiled Laws of 1871, above referred to, is to be found at section 11933 and following of the Compiled Laws of 1897 (3 Comp. Laws 1915, § 15760 *et seq.*). Section 11934 provides:

"All informations shall be filed during term, in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of the filing the same; and at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall also indorse thereon the names of such other witnesses as shall be then known to him."

It is therefore manifest that the only statutory methods whereby one may be prosecuted in the recorder's court of the city of Detroit are the following:

(1) Upon an indictment returned by a grand jury sitting in the circuit court for the county of Wayne and duly certified and transmitted by the clerk of the circuit court to the recorder's court.

(2) Upon an information signed by the prosecuting attorney of the county of Wayne, upon which shall be indorsed the names of witnesses known to him, and which shall be filed during term in the said recorder's court.

While the recorder's court of the city of Detroit, like the superior court of the city of Grand Rapids, is recognized in the Constitution as "such other courts of civil and criminal jurisdiction inferior to the Supreme Court as the legislature may establish," yet it is in a sense a court of limited jurisdiction, deriving its authority from the statute only.

In *Swift* v. *Wayne Circuit Judges,* 64 Mich. 484 (31 N. W. 434), in speaking of the recorder's court, this court said:

"It was * * * to have exclusive jurisdiction for the trial, but not for the finding of indictments, of all indictable crimes committed in the city of Detroit. In the trial of these cases, and in reviewing them, the general laws of the State, as provided for the circuits, were made by the charter to apply, and, as already suggested, the removal to the Supreme Court was to be in the same way provided for like cases in the circuit courts."

The provisions of the act creating the board of jury commissioners was in *Dickson* v. *Judge of Recorder's Court,* 136 Mich. 479 (99 N. W. 405), held to be mandatory.

In *People* v. *Swift,* 59 Mich. 529 (26 N. W. 694), it was held that the recorder's court must take indictments sent to it from the circuit court of Wayne county as valid, if upon their face they appeared to be so, and it has no power to inquire into the constitution of the grand jury finding such indictments. In that case Chief Justice CAMPBELL, speaking for the court, said:

"The indictment was found in another court of constitutional jurisdiction, broader than that of the recorder's court, and not in any respect a court of inferior jurisdiction. The inquiry into the constitution of its grand jury involves a power of supervision which is not and cannot be given to the recorder's court, which must take the indictments sent to it from the circuit court as valid if upon their face they appear to be valid."

In view of the fact that the recorder's court is a creation of the statute, having authority given to it by the statute only, and in view of the further fact that under the statutes there is no authority given to said court to try a defendant upon an indictment returned by a grand jury called and sitting in said court,

we think it must be said that there never has been vested in said court any authority to order the summoning of a grand jury for said court; the work of such so-called grand jury being a nullity if any indictments should be found by it. We find nothing in the Constitution prohibiting the legislature from thus limiting the jurisdiction and regulating the practice.

Under our system we think it is apparent that a grand jury must have the power and be at liberty to inquire for the whole county. This is accomplished by the present statutory provision. The oath administered to the grand jury indicates this, as appears by a portion of section 11876, 3 Comp. Laws (3 Comp. Laws 1915, § 15703), as follows:

"You as grand jurors of this inquest for the body of this county of  *  *  *  do solemnly swear, that you will diligently inquire and due presentment make of all such matters and things as shall be given you in charge," etc.

It is apparent from the order made by the respondent that the grand jury contemplated by him was—

"for the purpose of determining as to whether sufficient evidence is available to warrant prosecutions of certain crimes, misdemeanors, and offenses suspected to have been committed within said city as set forth in said petition, and divers other crimes, misdemeanors, and offenses suspected to have been committed within said city and brought to the personal attention of the recorder," etc.

It is evident that the body contemplated by this order was to have no power to inquire for the whole body of the county of Wayne. Such a grand jury would be an anomaly under our system. It is true that in the case of *People* v. *Reigel*, 120 Mich. 78 (78 N. W. 1017), this court upheld the statute providing that the grand jury might be taken from certain townships of the county; yet when the body was convened it was to represent the whole county, and was a grand

jury for the body of the county at large, clothed with the power to inquire at large for the whole county.

Counsel for respondent have referred to the cases of *Attorney General* v. *Renihan*, 184 Mich. 272 (151 N. W. 324) ; *Murtha* v. *Lindsay*, 187 Mich. 79 (153 N. W. 245), and *Detroit Civil Service Commission* v. *Engel*, 187 Mich. 83 (153 N. W. 358), as controlling of the question in this case. We have again examined these cases, and do not agree with counsel that they are controlling of the question here discussed.

In the late case of *Dunham* v. *Tilma*, 191 Mich. 688 (158 N. W. 216), it was distinctly held that the superior court of Grand Rapids, although given great powers by the act creating it, is not a circuit court, and the judge thereof is not a circuit judge within the meaning of the Constitution. In Michigan the power to draw, summon, and organize a grand jury is a matter of statutory regulation.

Being of the opinion that the recorder's court has not the inherent power to order and convene a grand jury, and that under existing legislation no such power has been given to that court, but that such power is lodged solely in the circuit court of Wayne county, the writ of prohibition will issue as prayed for in the petition herein. The question involved being one of public interest, no costs will be awarded.

KUHN, C. J., and BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred. OSTRANDER, J., did not sit.