CITY OF IOWA CITY et al., Appellants,

v.

WESTINGHOUSE LEARNING CORPORATION, Appellee.

No. 60091.

Supreme Court of Iowa.

April 19, 1978.

Angela Ryan, Asst. City Atty., Iowa City, for appellants.

Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, LeGRAND, and REYNOLDSON, JJ.

LeGRAND, Justice.

This is an appeal from an order sustaining defendant's motion to dismiss plaintiffs' petition asking for relief from certain discriminatory practices by defendant Westinghouse Learning Corporation. The trial court held the Iowa City ordinance under which the action was brought was invalid. Plaintiffs appeal and we affirm.

The suit was brought by the city of Iowa City and Mary Akin. The petition stated it was a class action started for the benefit of persons similarly situated who are "so numerous that it is impractical to join them all." For convenience, we refer to the defendant as Westinghouse and to all the plaintiffs simply as the city.

Stated briefly, the petition alleges that defendant's insurance program for its employees excludes benefits for disability resulting from pregnancy, childbirth, or complications therefrom. This is alleged to be a prohibited discriminatory act based on sex under the city's human relations ordinance.

The defendant filed a motion to dismiss on a number of grounds, one of which is as follows:

"The ordinance is invalid for the reason that it is inconsistent with the Iowa Civil Rights Act of 1965, Code of Iowa, Ch. 601A, and is therefore beyond the authority of the municipality."

The trial court dismissed the motion on this ground. We believe the trial court was right, and we limit our discussion to that single issue.

■ Perhaps we should first state what this case is *not* about. There is no dispute concerning the city's authority to create a local human rights commission. We recognized such authority in *Cedar Rapids Human Rights Commission v. Cedar Rapids Community School District,* 222 N.W.2d 391, 399 (Iowa 1974). There we said the city's authority came both from the 1968 Home Rule Amendment to the Iowa Constitution (Art. III, § 38A) and from the Iowa Civil Rights Act itself (§ 601A.17, The Code).

The pertinent provision of the constitutional amendment states:

"Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government * * * ."

Section 601A.17 contains this:

"Nothing contained in any provision of this chapter shall be construed as indicating an intent on the part of the general assembly to occupy the field in which this chapter operates to the exclusion of local laws not inconsistent with this chapter that deal with the same subject matter."

In considering this matter, we said in the *Cedar Rapids Human Rights Commission* case, 222 N.W.2d at 399:

"It is the conclusion of this court a city has the authority under home rule power and under § 601A.12, The Code [now § 601A.17], to create this type of commission, assuming adequate standards and guidelines govern the delegation of any quasi-judicial or quasi-legislative powers."

■ Acting upon this conceded authority, the city adopted an ordinance providing for a local civil rights commission (Ch. 10.2, Municipal Code of Iowa City). The narrow issue before us is whether this ordinance is inconsistent with Ch. 601A, The Code. If it is, it may not stand.

Chapter 601A establishes a complete and comprehensive legislative plan for processing complaints concerning discriminatory practices. It provides for the filing of a complaint, preliminary investigation to determine probable cause, efforts to conciliate, notice and hearing, and, finally, an appropriate order on the merits of the cause. *See* § 601A.14. The chapter (§ 601A.15) then authorizes judicial review of the administrative order.

We believe this detailed, complete and all-embracing enactment discloses the clear legislative intent to vest in an administrative body the original duty and power to

determine the existence of discriminatory practices, removing that function from the courts except for review purposes.

In disclaiming any purpose to pre-empt the field by authorizing the establishment of local commissions, the legislature attached the condition that any action taken under § 601A.17 must "not [be] inconsistent with this chapter." We hold this to mean any municipal plan must be faithful to the legislative scheme adopted by the General Assembly in Chapter 601A.

The ordinance now before us violates this mandate. It provides for the filing of a complaint, investigation to determine probable cause, and conciliation. §§ 10.2.13–10.-2.18. At this point, the ordinance repudiates the underlying purpose of the legislature by transferring to the courts the task of originally deciding whether a discriminatory practice exists. This is precisely what the legislature sought to avoid by making the courts open only for review of the commission's prior determination.

In *Cedar Rapids,* 222 N.W.2d at 402, we held a Cedar Rapids ordinance was inconsistent with Ch. 601A because it failed to provide for judicial review of the local commission's orders. We there held:

> "[W]e are convinced it was the legislative intent that ordinances adopted for the purpose of implementing Ch. 601A must not be inconsistent. The Cedar Rapids ordinance is inconsistent in not providing a statutory procedure for judicial review * * * ."

If anything, the inconsistency in the Iowa City ordinance now before us is even more glaring than in *Cedar Rapids.* It fails to provide any hearing before the commission from which a review might be taken to district court. It seeks to improve on the legislative scheme by providing for judicial, rather than administrative, determination of discrimination. It effectively frustrates the legislative purpose of Ch. 601A. And for that reason, it cannot stand.

We have given consideration to the city's arguments we should reach an opposite conclusion under the interpretive provisions of §§ 364.6 and 364.2. The former provides as follows:

"A city shall substantially comply with a procedure established by a state law for exercising a city power. If a procedure is not established by state law, a city may determine its own procedure for exercising the power."

The latter contains this language:

"An exercise of a city power is not inconsistent with the state law unless it is irreconcilable with the state law."

This last section was construed in *Green v. City of Cascade,* 231 N.W.2d 882, 890 (Iowa 1975), where we said:

> "Irreconcilable means 'impossible to make consistent or harmonious' while inconsistent means 'incongruous, incompatible, irreconcilable.' "

We further said there:

> "The legislature has considerable authority to lay down rules for the interpretation of its own statutes. * * * The legislature appears to say in [364.2(3)] that state laws are to be interpreted in a way to render them harmonious with ordinances unless the court or other body considering two measures cannot reconcile them, in which event the state law prevails."

We find nothing in these two statutes which serves to save the ordinance. First, we believe Ch. 601A *did* establish a procedure for exercising the power granted, and that the city failed to follow it. Second, we find the plan the city adopted to be so in conflict with the underlying intent and purpose of Chapter 601A that the two are irreconcilable. It follows that the statute must prevail and that the ordinance must fall.

The order of dismissal is—

AFFIRMED.