James L. DIETZ, Appellant,

v.

DUBUQUE HUMAN RIGHTS COMMISSION and Dubuque Yacht Basin, Inc., a/k/a Leisure World Corporation, Appellees.

No. 66197.

Supreme Court of Iowa.

March 17, 1982.

John Lansing Brown, Legal Services Corp. of Iowa, Dubuque, for appellant.

James A. O'Brien of Conzett, Norman, Lindahl, O'Brien & Bauer, Dubuque, for appellee Dubuque Yacht Basin, Inc.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

In this appeal James L. Dietz asserts he had a right to judicial review of a Dubuque Human Rights Commission finding there was no probable cause to support his complaint that Dubuque Yacht Basin, Inc., illegally discriminated against him because of his physical disability. District court held it was without jurisdiction to undertake the review and by separate order sustained the special appearance of Dubuque Yacht Basin, Inc. We reverse and remand.

I. The commission's no-probable-cause determination was issued December 21, 1979, and reaffirmed May 2, 1980, following Dietz's motion to reconsider, which for these purposes we will view as a motion for rehearing. May 30, 1980, Dietz filed his "Petition for Judicial Review of Agency Action" in district court.

District court grounded its determination it had no review jurisdiction on section 601A.19, The Code 1979, a part of the Iowa Civil Rights Act of 1965. See § 601A.1, The Code. The first paragraph of section 601A.19 was former section 601A.17, The Code 1977, which provided:

Nothing contained in any provision of this chapter shall be construed as indicating an intent on the part of the general assembly to occupy the field in which this chapter operates to the exclusion of local laws not inconsistent with this chapter that deal with the same subject matter.

Effective January 1, 1979, the legislature added several unnumbered paragraphs to the above provision. 1978 Iowa Acts ch. 1179, § 21. Our research into the legislative history of this amendment casts no illumination on the legislative intent in expanding what is now section 601A.19. See IPALCO Employees Credit Union v. Culver, 309 N.W.2d 484, 487 (Iowa 1981). The first

additional paragraph added by the legislature provided:

Nothing in this chapter shall be construed as indicating an intent to prohibit an agency of local government having as its purpose the investigation and resolution of violations of this chapter from developing procedures and remedies necessary to insure the protection of rights secured by the Iowa civil rights Act. An agency of local government and the Iowa civil rights commission shall cooperate in the sharing of data and research, and coordinating investigations and conciliations in order to eliminate needless duplication.

The remaining unnumbered paragraphs added by the 1978 amendment authorized the Iowa Civil Rights Commission to designate an agency of local government as a "referral agency," established qualifications for such agency, and provided for interaction between the two agencies. This appeal centers on the added paragraph that provides:

A final decision by a referral agency shall be subject to judicial review as provided in section 601A.15 in the same manner and to the same extent as a final decision of the commission.

The reference to section 601A.15 in the above-added paragraph was editorially changed to 601A.17 by the Code Editor in the 1979 Code when former section 601A.17 was changed to 601A.19 and former section 601A.15 was renumbered 601A.17.

Section 601A.17, The Code 1979, is entitled "Judicial review—enforcement." Subsection (1) states in part that "[j]udicial review of the actions of the commission may be sought in accordance with the terms of the Iowa administrative procedure Act."

II. District court held that it had no jurisdiction to review the Dubuque Human Rights Commission decision because it was not a designated "referral agency." The court relied on the above-quoted section 601A.19 unnumbered paragraph providing that "[a] final decision by a referral agency shall be subject to judicial review as provided in section 601A.17." The court reasoned

that jurisdiction to review could only be conferred by constitution or statute and that municipalities have no power to expand, create, or contract the jurisdiction of district courts.

The parties assume the district court's jurisdiction to review administrative agency actions must be conferred by statute. *See generally* § 602.2, The Code. Petitioner concedes that the Dubuque agency is not a designated "referral agency." Nonetheless, he argues that the provisions of section 601A.19, read in light of our decisions in *Cedar Rapids Human Rights Commission v. Cedar Rapids Community School District*, 222 N.W.2d 391 (Iowa 1974), and *City of Iowa City v. Westinghouse Learning Corp.*, 264 N.W.2d 771 (Iowa 1978), provide the necessary statutory authority to confer jurisdiction.

Both of these decisions were filed before the amendment was adopted that added the above unnumbered paragraphs to what is now section 601A.19. *Cedar Rapids Human Rights Commission* was filed before adoption of the Iowa Administrative Procedure Act. Nonetheless, the two opinions provide a backdrop for interpreting section 601A.19 provisions.

In *Cedar Rapids Human Rights Commission*, 222 N.W.2d at 398, we examined section 601A.12, The Code 1973, now the first paragraph of section 601A.19, The Code. We determined this statute, coupled with the Iowa Constitution article III section 38A (municipal home rule) and statutes implementing home rule, permitted the creation of the Cedar Rapids agency. We cited authority in concluding that quasi-judicial functions could be conferred and exercised by an administrative agency, provided, *inter alia*, that the administrative actions are subject to judicial review. *Cedar Rapids Human Rights Commission*, 222 N.W.2d at 400. After noting that section 601A.10, The Code 1973, provided for review of commission orders through de novo district court hearings,[1] *id.* at 401, and further ob-

serving that the Cedar Rapids ordinance made no provision for appeal and was therefore "inconsistent" with chapter 601A and violative of section 601A.12 (now the first paragraph of 601A.19), we invalidated the ordinance. *Id.* at 402–03.

In *City of Iowa City v. Westinghouse Learning Corp.*, 264 N.W.2d at 773, we quoted approvingly from *Cedar Rapids Human Rights Commission* in finding the Iowa City ordinance also was inconsistent with chapter 601A in transferring to the courts the task of making the first determination whether a discriminatory practice existed. We there said:

> In disclaiming any purpose to pre-empt the field by authorizing the establishment of local commissions, the legislature attached the condition that any action taken under § 601A.17 [now 601A.19] must "not [be] inconsistent with this chapter." We hold this to mean *any municipal plan must be faithful to the legislative scheme adopted by the General Assembly in Chapter 601A.*

*Id.* (emphasis added).

III. The Dubuque ordinance before us appears to track with chapter 601A. Section 21–87 provides for judicial review in the same language as present section 601A.17, The Code ("Judicial review of the actions of the commission may be sought in accordance with the terms of the Iowa administrative procedure Act . . . ."). In this it complies with the teaching of *City of Iowa City v. Westinghouse Learning Corp.* and *Cedar Rapids Human Rights Commission*, that the provisions of the ordinance should follow the provisions of chapter 601A.

We hold that in the first two paragraphs of section 601A.19 the legislature intended to provide for local agencies and to authorize them to adopt ordinances tracking with the provisions of chapter 601A, including section 601A.17 provisions for judicial review in accordance with the terms of the IAPA. That ends our inquiry in this ap-

---

1. Subsection 601A.10(1), The Code 1973, in relevant part provided "[a]ny complainant or respondent claiming to be aggrieved by a final order of the commission . . . may obtain judicial review thereof."

peal. In the balance of section 601A.19, added by the 1978 amendment, the legislature provided that certain of these agencies might be designated as "referral agencies" with a closer relationship with the state agency. Only incidentally, and perhaps unnecessarily, did the legislature provide for court review of referral agency decisions. But in so doing, we hold it did not intend to abolish other local agencies and their right to adopt chapter 601A review provisions, authorized by the first two paragraphs of section 601A.19. *See* § 601A.18, The Code.

We reverse and remand for further proceedings consistent with this opinion. Upon remand, district court will have the opportunity to address Dietz's mandamus claim, and determine whether his review petition was timely under IAPA provisions.

REVERSED AND REMANDED.