Dorothy D. FISHER, Plaintiff,

v.

Glenn C. SEDGWICK, As Associate Judge of the District Court of Iowa, In and For STORY COUNTY, Defendant.

No. 84–478.

Supreme Court of Iowa.

Feb. 13, 1985.

George H. Clark, Jr. of Clark, Clark & Hastings, Ames, for plaintiff.

John R. Klaus, City Atty., and Ann DiDonato, Asst. City Atty., Ames, for defendant.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, CARTER, and WOLLE, JJ.

CARTER, Justice.

This original certiorari action challenges the authority of a district associate judge to issue an administrative search warrant in aid of an inspection to be conducted under a city housing code. The question presented differs somewhat from that which was before this court in *Commissioner of Labor v. Sulhoff,* 360 N.W.2d 722 (Iowa 1985) because different statutes, which were not involved in *Sulhoff,* are involved in the present case.

Pursuant to Iowa Code section 364.17, the City of Ames adopted a housing code and has developed a program of annual inspection as provided in section 364.17(3). Two members of the city fire department, trained to conduct such inspections, sought entry of a rental property occupied by plaintiff, Dorothy D. Fisher. Plaintiff would not consent to the entry of these city employees for purposes of inspecting the premises.

In response to plaintiff's refusal, the city filed an application for an administrative search warrant. Plaintiff and the owners of the property were given notice of the

application, and a hearing was held on the matter of the city's entitlement to a warrant. The defendant district associate judge ordered that an administrative search warrant be issued granting entry to the city officials charged with responsibility of making inspections under the applicable provisions of the city housing code.

Admission to the plaintiff's residence was again sought by city officials armed with the warrant issued at the direction of the defendant district associate judge. Plaintiff again denied the city officials entry to the property. Plaintiff, within the time prescribed for seeking such review, sought and obtained review of the order for issuance of the challenged search warrant by certiorari.

Plaintiff challenges defendant's authority to issue an administrative inspection warrant in aid of the city's enforcement of its local housing code on the ground that there is no statutory authority for the district court to issue such warrants. The attorneys appearing to defend the action of the defendant district associate judge contend that the challenged warrant was lawfully issued based on a construction in *pari materia* of section 364.17(3), section 808.3, and the local ordinances on housing inspections.

We believe that the city's argument seeking to uphold defendant's order must fail under the rationale adopted in *Sulhoff.* We there opted against expansion by judicial fiat of the list of purposes fixed by the legislature for which search warrants may lawfully issue. We noted that because of the many policy issues involved with respect to the procedures for issuance, execution and return of such warrants this court should not attempt to imply a legislative intent on matters which the legislature itself has not addressed.

■ We believe the determination made in *Sulhoff,* 360 N.W.2d at 726, serves to defeat any claim of authority on the part of the court to issue a warrant for inspection of private premises simply because the legislature has authorized cities to adopt housing codes with a regular program of inspection of rental property. Nothing in section 364.17 or any other statute directed to our attention involving city housing codes establishes a warrant procedure for enforcing such inspections. Clearly, in the absence of statutory authority flowing from the legislature, cities lack authority to establish such a warrant procedure by ordinance. *Molitor v. City of Cedar Rapids,* 360 N.W.2d 568 (Iowa 1985).

■ Although not argued by the parties, we believe it appropriate to point out that the city's procedure and the court's order in the present case could perhaps be upheld had the challenged warrant been issued by a district court judge. Nothing contained in our *Sulhoff* opinion denying warrant authority to the district court in the absence of statutory authorization would deny that court the authority under its general equity jurisdiction to issue an order for compulsory process (whatever label might be given to such process) upon notice and hearing to the affected parties.

■ Notice and hearing were afforded the affected parties in the present case. We cannot uphold the present warrant on that theory, however, because the issuance of such compulsory process does not fall under the jurisdiction established for district associate judges under the provisions of Iowa Code section 602.32 (1983). We therefore conclude on the facts of this case that the defendant lacked authority to issue the challenged inspection warrant.

WRIT SUSTAINED.

All justices concur except McCORMICK, J., who dissents.

McCORMICK, Justice (dissenting).

The General Assembly did not merely authorize the City of Ames to make housing inspections. First, the statute required Ames either to adopt a housing code or be deemed to have adopted a uniform code. § 364.17(2). Then the statute provided:

A city which adopts or is subject to a housing code under this section *shall adopt* enforcement procedures, which

*shall include* a program for regular rental inspections, rental inspections upon receipt of complaints, and certification of inspected rental housing....

§ 364.17(3) (emphasis added). Now the court holds that the General Assembly did not intend for courts to have authority to issue administrative warrants to permit inspections when an inspector is refused admittance to premises. As in *Commissioner of Labor v. Sulhoff*, 360 N.W.2d 722 (Iowa 1985), I would find implied statutory authority for courts to issue warrants based on the legislative command that inspections be made. Otherwise the purpose of the statute is nullified.

Any inspection, of course, would have to meet the probable cause and reasonableness criteria in *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), and *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). I find it puzzling that this court now recognizes "general equity jurisdiction" of the district court to order inspections, where all of the allegedly sensitive policy decisions are equally involved, but continues to deny the authority of a court to do the same thing in carrying out the Constitution.

I recognize that this case is controlled by *Sulhoff* but dissent again to emphasize the abdication of judicial responsibility in the court's holding and to underscore the frustration of obvious legislative intent that results. The problem deserves legislative attention.