**Roy Walter GRAY, Appellant,**

v.

**KINSETH CORPORATION d/b/a Country Kitchen and Linda Skinner, Appellees.**

**No. 99–1370.**

Supreme Court of Iowa.

Nov. 15, 2001.

Edward L. Wintroub of Wintroub, Rinden, Sens & McCreary, Omaha, Nebraska, for appellant.

Jacob J. Peters of Peters Law Firm, P.C., Council Bluffs, for appellees.

LARSON, Justice.

Roy Gray filed suit against Kinseth Corporation, his former employer, alleging gender discrimination. Kinseth moved to dismiss on the ground Gray had failed to file the suit within ninety days of a right-to-sue letter sent to him by the Council Bluffs Human Relations Commission. The district court dismissed the case, and the plaintiff appealed. We reverse and remand.

## I. *Facts and Prior Proceedings.*

Roy Gray was an employee of Kinseth beginning May 20, 1996, at a Country Kitchen restaurant in Council Bluffs. Gray quit this employment on June 23, 1996, and on October 11, 1996, he filed a complaint with the Council Bluffs Human Relations Commission (local commission), alleging gender-based discrimination.

Four days after Gray filed his complaint, the local commission sent a memo to the Iowa Civil Rights Commission (state commission), stating "[w]e are cross-filing [Gray's] complaint with you, but investigation will be handled through our office." On October 18, 1996, the state commission sent the local commission a preprinted form acknowledging receipt of Gray's complaint. This form had statements next to boxes to be marked concerning the local commission's involvement. A box was marked next to the statement that the state commission had docketed the case and was notifying the local commission that it would "await results of your processing." However, the boxes next to statements indicating the state commission was referring or deferring Gray's case to the local commission, in accordance with a "referral" or "deferral" contract, were not marked.

On January 8, 1999, counsel for Gray requested an administrative release

("right-to-sue letter") from the local commission, which was issued to Gray on January 12, 1999. This letter stated that Gray "must sue WITHIN 90 DAYS from your receipt of this Notice, otherwise your right to sue is lost." Gray also received a right-to-sue letter from the state commission dated February 10, 1999, stating:

> With this release, Complainant has the right to commence an action in a State District Court. That action must occur within ninety (90) days of the issue date: February 10, 1999.

On May 10, 1999, Gray filed his petition in Pottawattamie County District Court asserting his gender-discrimination claim and alleging that he had sought and exhausted his administrative remedies against the defendant. This petition was filed within ninety days of the state's right-to-sue letter but 118 days after the issuance of his right-to-sue letter from the local commission.

 On July 17, 1999, Kinseth filed a motion to dismiss on the basis Gray's petition was filed beyond the ninety days allowed after the local commission's right-to-sue letter. This was a "speaking" motion to dismiss, *i.e.*, a motion that asserts facts not contained in the petition. Generally, a motion to dismiss may be granted only if the petition shows on its face no right of recovery under any state of facts. *Ritz v. Wapello County Bd. of Supervisors,* 595 N.W.2d 786, 789 (Iowa 1999). While the plaintiff contends Kinseth's motion to dismiss was improper because it asserted facts not contained in the petition, he has conceded all of the facts necessary to resolve the narrow legal issue of whether his suit is time-barred. We therefore hold the plaintiff has waived his procedural argument.

On August 3, 1999, the district court granted the motion to dismiss on the ground the complaint was filed with the local commission, and the local commission had acted as the "lead" agency in the matter. Therefore, the January 12 letter from the local commission began the ninety-day time period to file suit, rather than the February 10 letter from the state commission, according to the ruling.

## II. *The Merits.*

 Gray makes three arguments why he should not be bound by the timing of the local commission's letter: (1) the district court improperly considered matters not contained in his petition (a matter already discussed); (2) a local commission cannot issue a right-to-sue letter preempting a right-to-sue letter from the state commission; and (3) even if a local commission may be delegated the power to issue a right-to-sue letter binding on the state commission, it may do so only when the power is expressly delegated to them, and here there was no evidence of a referral contract between the state and local commissions.

Gray contends there is no statutory authority for a local commission to issue an administrative release that would preempt a plaintiff's right to sue under the Iowa Civil Rights Act. Rather, he claims, such a release by a local commission would limit a plaintiff's right only under a local ordinance. Gray cites *Quaker Oats Co. v. Cedar Rapids Human Rights Commission,* 268 N.W.2d 862, 864 (Iowa 1978), to support this argument. The statute cited by *Quaker Oats* was amended[1] in 1978 (and later moved to section 216.19), and now it appears that, pursuant to section 216.19, local commissions have jurisdiction to enforce the Iowa Civil Rights Act as

---

1. *See Dietz v. Dubuque Human Rights* *Comm'n,* 316 N.W.2d 859, 860 (Iowa 1982).

well as local ordinances. Part of the new language reads:

> Nothing in this chapter shall be construed as indicating an intent to prohibit an *agency or commission of local government* having as its purpose the investigation and resolution of violations of *this chapter* from developing procedures and remedies necessary to insure the protection of rights secured by *this chapter*. *All cities shall*, to the extent possible, *protect the rights* of the citizens of this state *secured by the Iowa civil rights Act*. Nothing in this chapter shall be construed as limiting a city or local government from enacting any ordinance or other law which prohibits broader or different categories of unfair or discriminatory practices.

Iowa Code § 216.19 (1995) (emphasis added).

We believe the local commission here has authority to enforce the Iowa Civil Rights Act, under Iowa Code chapter 216. This, however, does not mean the local commission has replaced the state commission.

Much of Kinseth's argument is based on its claim the state commission deferred to the local commission or referred the case to it, citing Iowa Code section 216.5(12) (1995), which grants power to the state commission "[t]o defer a complaint to a local civil rights commission under commission rules promulgated pursuant to chapter 17A," and Iowa Code section 216.19(fifth unnumbered paragraph), providing the state commission

> in its discretion may refer a complaint . . . to a referral agency . . . for investigation and resolution; and a referral agency . . . may refer a complaint filed with that agency to the commission for investigation and resolution.

Iowa Code section 216.19(fourth unnumbered paragraph) authorizes the state commission to "establish by rules the procedures for designating a referral agency and the qualifications to be met by a referral agency." According to Iowa Administrative Code rule 161—1.6(2)(c), " 'referral agency' means any agency of local government that has been awarded that status by contract with the [state] commission." As Gray argues, there is no evidence of such a contract in the record. Further, in the October 1996 letter from the state commission to the local commission acknowledging receipt of Gray's case for cross-filing, the state commission did not mark the boxes indicating it was referring Gray's case to the city commission under a referral contract or that it was deferring Gray's case to the city commission under a deferral contract. Thus, there has been no showing that the local commission had the authority to bind the state commission by issuing a right-to-sue letter. In fact, the only responsibility assumed by the local commission as indicated by the exchange of correspondence was that *"investigation* will be handled through our office." (Emphasis added.)

In the absence of a clear showing that the right to bind the state commission has been delegated to the local commission through a referral contract, the state commission's right-to-sue letter controls. Because we believe the ninety days began to run on the date of the state commission's right-to-sue letter and the suit was therefore timely, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**