PAUL H. CREWS, appellant, v. J. L. COLLINS et al., appellees.

No. 50169.

(Reported in 109 N.W.2d 235)

MAY 2, 1961.

Watson, Elgin & Hoyman, of Indianola, for appellant.

Johnston & Johnston, of Knoxville, for appellees J. L. Collins, D. A. Mater, C. R. Burroughs, Dexter H. Hake and Mater Clinic, a copartnership.

Norman R. Hays, Jr., of Knoxville, for appellee City of Knoxville, a municipal corporation.

William W. Hardin and H. E. DeReus, both of Knoxville, for appellees Marion County, a municipal corporation, V. C.

Black, Dan Dingaman, Frank A. Warren, Earl Brown and Earl Bailey, Members of the Board of Review of Marion County, Margaret Hayes, Treasurer of Marion County, Merle Maddy, Assessor of Marion County, and Phyllis Donnelly, Auditor of Marion County.

PETERSON, J.—This is an action for declaratory judgment, or in the alternative for writ of mandamus, in which plaintiff is attempting to correct an alleged tax injustice at Knoxville.

In 1939 Mattie Collins leased to her son, J. L. Collins, Lots 1, 2 and 5 and West three feet of Lot 3, Block 23, Knoxville, from August 1, 1939 to August 1, 1984, for a total rental of $45, or $1 per year, which full sum was paid in advance.

Shortly after the execution of the lease Mrs. Collins executed quitclaim deed to the premises to the "City of Knoxville, Iowa." The deed was executed subject to the lease she had previously given to her son. The deed provided that upon the expiration of the lease the city should permit the premises to be used solely for the purpose of a hospital which should be called "Collins Memorial Hospital."

Thereafter, J. L. Collins and R. V. Mater proposed to build a hospital immediately on the real estate to which the city now held the legal title. They appealed to the community for donations and according to information developed in the case it seems that contributions were received in the amount of approximately $63,000. According to plaintiff's petition the hospital cost at least $500,000, and the balance of the cost above the donations was apparently paid by Mr. Collins and Mr. Mater. The hospital has now been in operation since 1940.

Mr. J. L. Collins has executed a sublease to defendants, Drs. D. A. Mater, C. R. Burroughs and Dexter H. Hake as to the lower floor of the hospital. They maintain what is known as "Mater Clinic."

For many years no taxes were paid on the real estate, nor the hospital. In December of 1958 the real estate was assessed by the assessor for $6125. The assessment was levied for approximately five years back. As to said assessment of $6125 plaintiff appeared before the Board of Review and filed written protest.

The Board of Review refused to raise the assessment and, in fact, lowered it to $5500 for the real estate, and $1 for the hospital building. Plaintiff contends this is a completely inadequate assessment. He alleges that while the hospital is represented as a public hospital, the facts are that it is a private hospital maintained for the benefit of the three doctors above named who are running the Mater Clinic and for all other doctors in the community who bring such patients to the hospital as need hospital service. Plaintiff alleges that J. L. Collins rents the part of the hospital used for a clinic for many thousands of dollars each year.

Plaintiff has attempted to induce taxing bodies and taxing officers to appeal from the decision of the Board of Review to the District Court. They have all refused or neglected to do so. Under the statutes, plaintiff, as a taxpayer only, and not an owner of the property involved, has no right of appeal beyond the Board of Review.

He has, therefore, filed this action. The trial court held Iowa statutory procedure with reference to taxation is exclusive in that field, and a declaratory judgment could not be rendered. The court also held that in view of the discretion lodged in taxing officials a writ of mandamus would not be effective, and also held that a leasehold interest as such is not subject to taxation. Plaintiff has appealed.

There are therefore three questions before this court. 1. Can appellant secure relief as to tax injustice through a declaratory judgment? 2. Can a leasehold interest on a building, where the lease is for more than three years, be assessed separately from the real estate and the building? 3. Is appellant entitled to a writ of mandamus ordering tax officials to assess the leasehold interest?

I. Chapter 428, 1958 Iowa Code, provides specific instructions as to listing and taxation of property. Chapter 442 provides procedure as to Board of Review. In December of 1958 the real estate with the hospital erected thereon were assessed, and the matter taken to the Board of Review, as heretofore stated.

Outside of the question of assessment of leasehold interest,

plaintiff's complaint now is not lack of assessment, but the inadequate amount of the assessment. He contends that property valued at $500,000 was assessed at $5501.

The question is, can the courts grant relief by way of a declaratory judgment?

Where there is a complete remedy otherwise provided by statute, and obviously intended to be exclusive, the issue is not subject to relief by declaratory judgment. Griswold Land & Credit Co. v. County of Calhoun, 198 Iowa 1240, 201 N.W. 11; 16 Am. Jur., Declaratory Judgments, section 21; Black v. Utter, 300 Ky. 803, 190 S.W.2d 541; Mulhausen v. Bates, 9 Wash.2d 264, 114 P.2d 995; Borchard, Declaratory Judgments, Second Ed., 302, 342; Rich Mfg. Co. v. Petty, 241 Iowa 840, 42 N.W.2d 80; Travelers Insurance Co. v. Sneddon, 249 Iowa 393, 86 N.W.2d 870, 875; Herbst v. Treinen, 249 Iowa 695, 88 N.W.2d 820, 824; Article in 29 Iowa Law Review, page 67, by T. M. Ingersoll.

The most comprehensive consideration of the question appears in Rich Mfg. Co. v. Petty, supra. The court approved ground 4 of motion to dismiss, and said (at page 846 of 241 Iowa): " 'insofar as plaintiff seeks to question the assessor's valuation of its property or the validity of the assessment, the law has provided an administrative remedy therefor, by protest to the board of review and appeal therefrom to the district court and that remedy is exclusive and the only remedy available to the plaintiff here.' The ground was good."

We stated in the case (page 848): "But where, as here, the statutes that create the tax confer upon taxpayers the right to judicial review, intended to be exclusive, then an appropriate case for declaratory relief is not presented."

We also quoted from Mulhausen v. Bates, supra (page 270 of 9 Wash.2d, page 997 of 114 P.2d): "Likewise, the courts will not entertain a bill in equity nor a petition for a declaratory judgment designed to call for decision of a case for the determination of which a special statutory method has been provided."

II. Collins Memorial Hospital is the property of the City of Knoxville. Mrs. Collins deeded the real estate to the city.

Messrs. Collins and Mater with the help of some volunteer contributions erected the hospital. It was built upon and firmly attached to the real estate owned by the city. The ownership of the hospital by the city is elementary law.

In his attempt to secure taxation justice, appellant contends the leasehold interest should be assessed to J. L. Collins. Mr. Collins' lease does not expire until 1984. During this period while the city as such has no control over the hospital, it is now on the assessment rolls at an assessed value of $5501. It would also seem to be elementary law that with the real estate duly assessed, taxing bodies or officers cannot step in and assess the leasehold of a long-term tenant. Many valuable buildings are located on the main streets of our cities and a large percentage of them are under lease on a long-period basis to the tenants occupying the buildings. There is no concept of taxing statutes giving the municipality authority to separately tax the leasehold interests of such tenants to the lessees.

Appellant bases his claim on the last clause of section 428.4, which reads: "* * * but if such buildings are erected by another than the owner of the real estate, they shall be listed and assessed to the owner as personal property, but buildings and fixtures erected on real estate held under a lease of longer than three years duration shall be assessed as real estate."

We approve the interpretation placed by the trial court on this clause. The court said: "It would seem to the court that this provision of the Code would apply only to a situation where one person owned the land and another person under lease of more than three years in length placed buildings upon the land, and owned the buildings and by agreement of the parties the buildings did not become a part of the real estate, and perhaps would be subject to removal at the expiration of the lease."

The situation in the case at bar is not comparable to such a state of facts.

There does not seem to be a decision in Iowa, directly in point, on the last clause of section 428.4.

Somewhat analogous are decisions with reference to life estates. In White v. City of Marion, 139 Iowa 479, 485, 117 N.W. 254, 256, this court said: "A life estate in land is not

subject to taxation as such. The land itself is taxed, and the only question which may arise with reference to the taxation thereof is, who should pay the taxes, the life tenant, or the owner of the fee?"

In 51 Am. Jur., Taxation, section 435, page 451, we find this general statement: "Although it is generally held that a leasehold interest for a term of years is a chattel real, and that for the purpose of taxation the whole of the land is assessed against the owner of the fee, which covers the value of the leasehold interest as well as the reversionary interest, in some jurisdictions provision is made for * * * leasehold interests being held to be real property within the tax law, under statutes specifically defining 'real property' for the purpose of taxation. * * *."

In 84 C. J. S., Taxation, section 95, page 212, appears this statement: "As a general rule property under lease for a term of years is taxable to the owner, not to the tenant * * *."

Certain exceptions shown, not applicable under our statutes.

III. In an amendment to his petition appellant prays, in the alternative, that the court order issuance of Writ of Mandamus ordering the taxing authorities to list the leasehold interests of any defendants for taxation, and proceed to levy and collect taxes thereon. Having held in the previous division that leasehold interests involved in the instant case are not taxable, this question needs only very brief attention.

It is a fundamental principle of mandamus that where the action to be taken by a board or officer involves discretion, mandamus will not lie, to control such discretion. Griebel v. Board of Supervisors, 200 Iowa 143, 146, 202 N.W. 379; Hirsch v. Muscatine, 233 Iowa 590, 595, 10 N.W.2d 71, 73.

Section 661.2, 1958 Code of Iowa, provides: "Discretion—exercise of. Where discretion is left to the inferior tribunal or person, the mandamus can only compel it to act, but cannot control such discretion."

In Hirsch v. Muscatine, supra, this court said: "The trial court, in the ruling filed by it, held that the city engineer and city council did act upon the application for a building permit and that their action cannot be reviewed in a mandamus pro-

ceeding. In this ruling the trial court was correct. Mandamus proceedings cannot be used to direct a public official or a public body to act a certain way. A court cannot in a mandamus proceeding control discretionary decisions of public officials."

We have already held the leasehold interests are not assessable as such, but if they were, and writ was issued, it would not avail appellant.

IV. We will summarize:

On the basis of plaintiff's petition and amendment, a valuable property is not paying its fair share of maintenance of government. In considering motions to dismiss, we approach the questions involved from the angle of plaintiff's allegations being verities.

The answer to this alleged tax injustice does not primarily rest in the judicial branch of government. Taxation procedure is a legislative function. Our tax procedure rests exclusively on statutory enactment.

If the legislature extended the right of appeal from the board of review to any taxpayer in the jurisdiction prejudiced by a decision of the board, any alleged injustice could reach the judicial branch of government for consideration.

The decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., who takes no part.