WILBUR E. WRIGHT, appellant, v. MALCOLM M. THOMPSON, appellee.

No. 50529.

(Reported in 117 N.W.2d 520)

344

October 16, 1962.

J. C. Beckley, Margaret L. Beckley and L. M. Hullinger, Sr., all of Cedar Rapids, for appellant.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellee.

Garfield, C. J.—Plaintiff Wright filed his petition against defendant Thompson for declaratory judgment under rules 261 to 269, Rules of Civil Procedure. The trial court sustained defendant's motions to dismiss the petition and to strike the amended and substituted petition filed pursuant to permission from the court. From judgment accordingly plaintiff has appealed.

No question is raised as to finality of the judgment for purposes of appeal under rule 331, R. C. P. Nor does defendant

question plaintiff's right, under 331(b), to a review upon this appeal of the ruling dismissing the original petition. However, we accept defendant's argument it is unnecessary to consider the sufficiency of the original petition as against his motion to dismiss it and that the appeal presents the question of the sufficiency of the amended (and substituted) petition as against such motion.

The amended petition alleges: On August 18, 1956, plaintiff owned a written option to purchase certain realty in Cedar Rapids; defendant desired and requested to become a partner with plaintiff in the joint adventure stated in the petition; on said date defendant entered into an oral agreement with plaintiff whereby the latter would furnish $1000 for the down payment required by the option agreement, defendant would furnish all the money required to buy the property, would cause to be exercised the option under its terms, would thereupon own a half interest in the property, after it was procured the property was to be sold, the amounts required for its purchase were to be deducted and the balance of the sale price was to be equally divided between plaintiff and defendant; at defendant's request the option was extended by written agreement; it was then orally agreed the parties would continue to have joint ownership in the realty purchased under the modified option agreement and when it was sold the parties would divide equally the profits therefrom pursuant to their original oral agreement.

The amended petition further states defendant failed and refused to exercise the extended option and pay the required amounts when they fell due and refused to carry out his oral agreements notwithstanding various demands by plaintiff who performed his part of the agreements except as prevented by defendant; if defendant had not refused to carry out his agreements plaintiff could have sold the property for $125,000, and can now, at a profit of $55,000 above the option price; the fair and reasonable market value of the realty when defendant refused to carry out his contract and now is $125,000; defendant orally notified plaintiff he would not honor or carry out his oral agreements and stated they were not valid or binding upon him.

The pleading further alleges the validity of the aforesaid

oral agreement as modified and the amount due plaintiff thereunder should be determined by the court; there is a real and substantial controversy involved, it is justiciable in character and should be determined. The prayer is for a declaratory judgment determining the rights of the parties in and to the oral contract as modified, that it is valid and binding, determining the amount justly due plaintiff from defendant, and rendering judgment therefor and for such other relief as may be equitable and proper.

Defendant's motion to dismiss alleges six grounds. The first three are included in the fourth and, as defendant asserts, the fifth ground is broad enough to include the first four. The fourth ground is that plaintiff has failed to state any enforceable and valid contract or one imposing any duty or obligation upon defendant which he has breached or failed to perform. Fifth ground of defendant's motion is that the petition fails to state a cause of action against him. Sixth ground is it affirmatively appears from the petition plaintiff is not entitled to declaratory relief or any relief.

The trial court sustained grounds one to five and overruled ground six. Grounds of the motion to strike the amended petition are that it contains no allegations not pleaded or implicit in the original petition and none which would not be subject to the motion to dismiss as sustained. As stated, this motion to strike was sustained.

Defendant relies upon and argues three propositions for affirmance. 1) It is within the sound discretion of the trial court whether jurisdiction to enter a declaratory judgment will be exercised in a particular case. 2) Plaintiff has failed to allege any enforceable and valid contract imposing any duty or obligation upon defendant. 3) No recovery may be had for loss of profits from failure of a partner or joint venturer to furnish capital as agreed.

Under (2) it is argued it appears from the amended petition the alleged oral agreement lacks consideration and mutuality of obligation and hence is of no legal efficacy. Also that the defenses of lack of consideration and mutuality of obligation may be properly raised by motion to dismiss under rule 104(b), R.

C. P., which provides: "Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim."

I. Of course defendant's motion to dismiss admits all well pleaded facts in the amended petition for the purpose of testing their legal sufficiency. This has been the holding in declaratory-judgment actions as well as others. Hartford Acc. & Indem. Co. v. O'Connor-Regenwether Post, V. F. W., 247 Iowa 168, 173, 73 N.W.2d 12, 14, and citations; Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823, and citations; 26 C. J. S., Declaratory Judgments (1956), section 142b, pages 341, 342; 16 Am. Jur., Declaratory Judgments, section 67.

Further, as defendant apparently concedes, the facts well pleaded in the petition and all reasonable inferences which may be drawn therefrom must be construed in the light most favorable to plaintiff. 26 C. J. S., supra, section 142a, page 339.

Hartford Acc. & Indem. Co. v. O'Connor-Regenwether Post, V. F. W., supra, applies the rule that a motion to dismiss admits well pleaded facts in the petition to the allegation therein that "* * * there is a present dispute between the parties as to their rights and duties under the aforementioned insurance contract * * *." This allegation does not differ greatly from what is alleged here.

II. It seems desirable to quote the Rules of Civil Procedure applicable to declaratory judgments, so far as pertinent here.

"261. Declaratory judgments permitted. Courts of record * * * shall declare rights, * * * whether or not further relief is or could be claimed. It shall be no objection that a declaratory judgment or decree is prayed for. The declaration * * * shall have the force and effect of a final decree. The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The enumeration in the next three rules does not limit or restrict the exercise of the general power herein referred to.

"262. Construing contracts, etc. Any person interested in a contract, oral or written, * * * or whose rights, * * * are affected by a * * * contract * * * may have determined any question of

the construction or validity thereof or arising thereunder, and obtain a declaration of rights, * * * thereunder.

"263. Before or after breach. A contract may be construed either before or after there has been a breach thereof.

"265. Discretionary. The court may refuse to render a declaratory judgment or decree where it would not, if rendered, terminate the uncertainty or controversy giving rise to the proceeding.

"266. Supplemental relief. Supplemental relief based on a declaratory judgment may be granted wherever necessary or proper. The application therefor shall be by petition in the original case. If the court deems the petition sufficient, it shall, on such reasonable notice as it prescribes, require any adverse party whose rights have been adjudicated to show cause why such relief should not be granted forthwith.

"267. Review. All orders, judgments or decrees under rules 261–266 inclusive may be reviewed as other judgments, orders or decrees.

"268. Jury trial. The right of trial by jury shall not be abridged or extended by rules 261–267."

■ Nearly all our decisions involving these rules point out they are remedial and should be given a reasonably liberal construction. In re Estate of Turner, 250 Iowa 795, 798, 799, 96 N.W.2d 481, 483, and citations; Center Township School Dist. v. Oakland Independent School Dist., 251 Iowa 1113, 1117, 104 N.W.2d 454, 456. See also 26 C. J. S., Declaratory Judgments, section 9, and Iowa cases cited note 90, page 65. "Declaratory judgment acts are progressively receiving liberal interpretations * * * [citations]." Rich Mfg. Co. v. Petty, 241 Iowa 840, 848, 42 N.W.2d 80, 85; Katz Investment Co. v. Lynch, 242 Iowa 640, 647, 47 N.W.2d 800, 805.

We have so often held our rules have the force and effect of statute that precedents therefor need not be cited.

III. Our rules applicable to declaratory judgments are based on the Uniform Declaratory Judgment Act with modifications where it appeared desirable to broaden its scope or clarify provisions thereof which had been the subject of question or litigation. Article by Mr. T. M. Ingersoll, 29 Iowa Law Review,

page 62 et seq. We have cited this article with the apparent approval it deserves. Katz Investment Co. v. Lynch, supra, 242 Iowa 640, 646, 47 N.W.2d 800, 804; Crews v. Collins, 252 Iowa 863, 867, 109 N.W.2d 235, 237.

We quote from the article (page 64): "Rule 261 * * * [is] similar to Section 1 of the Uniform Act, but there has been added the provision that the existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. There was a tendency in judicial decisions under the Uniform Act to refuse declaratory relief where another remedy was available. By this construction the fundamental purpose of the procedure might be defeated." It is important here to keep in mind this modification which rule 261 makes in the provisions of the Uniform Act.

Rule 262 extends the Uniform Act to include oral contracts. "The procedure has been used or may be used in an almost limitless number of situations which may arise concerning * * * contracts * * * and in fact the entire field of the law." Idem., pages 64–66. The article concludes with a plea that our declaratory judgment procedure be given a friendly reception by bench and bar (page 69).

IV. The ruling appealed from cannot be upheld on the ground defendant first argues that it is within the sound discretion of the trial court whether jurisdiction to enter a declaratory judgment will be exercised in a particular case.

The trial court overruled ground 6 of the motion to dismiss. Defendant asserted in argument it was designed to raise the point the trial court has discretion to grant or withhold declaratory relief in a particular case. Of course defendant is entitled to urge ground 6 upon this appeal. Katz Investment Co. v. Lynch, supra, 242 Iowa 640, 646, 47 N.W.2d 800, 804, and citations.

It is settled that the successful party may, without appealing, save the judgment if an error was committed against him which, if corrected, will make the result reached by the trial court a right result. Iowa Elec. Co. v. Home Ins. Co., 235 Iowa 672, 676, 17 N.W.2d 414, 416, and citations; State v. Addison, 250 Iowa 712, 715, 716, 95 N.W.2d 744, 746, 747, and citations.

350

■ We cannot hold it was error to overrule ground 6 of the motion to dismiss. It is true the trial court's discretion in a matter of this kind is not unlimited and is subject to review. However, as defendant's first proposition asserts, it is the trial court which is vested with discretion. Arbitrary exercise or abuse thereof does not appear. To hold the trial court was bound to exercise its discretion in favor of denying declaratory relief here would be the substantial equivalent of holding it was without discretion to entertain this action.

■ The trial court may well have concluded its discretion to deny declaratory relief should not be exercised upon the motion to dismiss. It is recognized it is better not to exercise such discretion until evidence is heard. 26 C. J. S., Declaratory Judgments, is the most recent discussion of the entire subject to come to our attention. We quote: "The discretion to grant or refuse declaratory relief is broad in nature, and should be liberally exercised to effectuate the purpose of the statute, * * *. This discretion may be exercised only at such time during the trial when the court has the evidence before it and can properly make such a final determination, and can be exercised only on the record as it exists when the entry of a judgment would be appropriate. Such discretion should not be exercised on motion to dismiss * * * unless the court is fully satisfied that on its allegations the bill must be dismissed after a hearing on the merits, as discussed infra section 142" (section 11, pages 72–73).

■ There is little dissent from the view that a litigant may be entitled to declaratory relief even though it is unfavorable to him. Idem, section 10, page 69. "On a motion to dismiss, the only question is whether, on the basis of the allegations, a proper case is presented * * * for invoking the jurisdiction of the court to make a declaratory judgment, and not whether plaintiff is entitled to a declaration favorable to him, or in accordance with what he claims his rights to be, or with his request, or whether he is entitled to the judgment demanded by him, or what his rights are, * * *. * * * if the complaint shows a good ground on which the court will grant judgment on the subject matter of the controversy, the complaint will not be dismissed even though

plaintiff is wrong on the merits of his contention." Idem, section 142a, pages 337, 338.

"On a motion to dismiss, challenging the legal sufficiency of a complaint * * *, the determination of such sufficiency must be made regardless of the merits of the controversy or the scope of complainant's rights; on such motion, the allegations of fact contained in the complaint are not in issue, * * *." Idem, section 142c, page 342.

Wesselink v. State Department of Health, 248 Iowa 639, 646, 80 N.W.2d 484, 488, is one of several Iowa decisions which reverse the sustaining of a motion to dismiss a petition for declaratory relief. It states: "Furthermore, we are not now concerned with any relief the court may or may not grant upon a trial of this matter. Such declaration must depend upon the evidence produced."

Defendant's principal argument on this branch of the case is that declaratory relief does not lie because plaintiff held a fully matured action at law for damages. The fact plaintiff held such a cause of action did not require a ruling favorable to defendant on ground 6 of his motion to dismiss. As pointed out in Divisions II and III hereof, rule 261 provides the existence of another remedy does not preclude declaratory relief in cases where it is appropriate. Seldom if at all does a party have a remedy other than for declaratory relief unless his cause of action is fully matured.

The furthest we have gone in approving denial of declaratory relief because of the existence of another remedy has been where the other remedy is intended to be exclusive. Rich Mfg. Co. v. Petty, supra, 241 Iowa 840, 846–849, 42 N.W.2d 80, 84, 85; Travelers Insurance Co. v. Sneddon, 249 Iowa 393, 401, 86 N.W. 2d 870, 875; Herbst v. Treinen, supra, 249 Iowa 695, 701, 88 N.W.2d 820, 824 (emphasizing that the other remedy must be intended to be exclusive); Crews v. Collins, supra, 252 Iowa 863, 867, 109 N.W.2d 235, 237. These precedents are quite inconsistent with the view that the existence of another remedy, not intended to be exclusive, on a fully matured cause of action is sufficient to compel denial of declaratory relief.

Mr. Ingersoll's article in 29 Iowa Law Review 62, 67, points

out, "The provision making the granting of the relief discretion-ary * * * permits the court to decline taking jurisdiction * * * where there is a complete remedy otherwise provided and intended to be exclusive. * * * The test in each case is whether or not the Legislature has prescribed an exclusive statutory remedy * * *."

Borchard Declaratory Judgments, Second Ed., page 342, states: "The mere fact that a common-law action of the standard type might have been brought is no ground at all for denying a declaration. A preponderatingly consistent practice of fifty years has established this conclusion beyond the possibility of doubt. * * * To conceive of the declaratory judgment as if it were an extraordinary remedy, or even an equitable remedy like injunction, not grantable when an ordinary or legal remedy is available, involves serious error. It is not supported by history or sound precedent, and its perpetuation by further decisions would impair the valuable social function which the declaratory judgment was designed to perform. It allows improper technicalities to defeat the administration of justice."

Other statements of Professor Borchard are to like effect, especially pages 554 to 557. See also Anderson's Declaratory Judgments, Second Ed., section 195, pages 395, 396.

In Columbia Pictures Corp. v. DeToth, 26 Cal.2d 753, 761, 161 P.2d 217, 221, 162 A. L. R. 747, 753, the trial court dismissed on demurrer an action for declaratory judgment as to validity of an oral contract of employment. In reversing, the opinion holds: "Hence a plaintiff's right to proceed is not barred by the fact that the contract sued upon may have already been breached and that traditional or statutory * * * alternative remedies are available." See also annotation, 162 A. L. R. 756 et seq.

Our rule 263 provides "A contract may be construed before or after there has been a breach thereof." The present action is one to determine the validity of the alleged oral contract, as authorized by rule 262, quoted in Division II hereof, rather than to construe it. Nevertheless rule 263 seems to be inconsistent with the argument declaratory relief may not be had where there is another fully matured cause of action in existence.

Rule 265, also quoted in Division II, provides the court

"may refuse" declaratory relief "where it would not * * * terminate the uncertainty or controversy giving rise to the proceeding." We do not understand it is contended the court was bound to withhold declaratory relief because of this provision. In terms it is permissive, not mandatory.

Further, rule 265 does not mean the court may refuse declaratory relief if it would not terminate the entire controversy, and end all litigation thereover, between the parties. It refers to the uncertainty or controversy "giving rise to the proceeding." See Borchard, Second Ed., page 298; Hartford Acc. & Indem Co. v. V. F. W. Post, supra, 247 Iowa 168, 172, 173, 73 N.W.2d 12, 14. It may well be the uncertainty or controversy over the validity of the alleged oral contract gave rise to this proceeding.

Still further, we see no compelling reason why the entire controversy between the parties may not be terminated in this action. That it may involve in part fact questions is insufficient basis for withholding declaratory relief. Aetna Life Ins. Co. v. Haworth (Hughes, C. J.), 300 U. S. 227, 242, 57 S. Ct. 461, 81 L. Ed. 617, 622, 108 A. L. R. 1000, 1004; State Farm Mutual Auto. Ins. Co. v. Kersey, 171 Neb. 212, 106 N.W.2d 31, 35, and citation; Borchard, Second Ed., pages 396, 397; 16 Am. Jur., Declaratory Judgments, section 20; 26 C. J. S., Declaratory Judgments, section 154, page 365.

If a jury trial is demanded on fact questions that could have been tried in a law action it must be assumed the court would grant it. Rule 268; Borchard, Second Ed., pages 400, 401; Pacific Indemnity Co. v. McDonald, 9th Cir., Ore., 107 F.2d 446, 131 A. L. R. 208, 212–214, and annotation, 218. It is of course uncertain whether any such demand will be made. Nor is it contended defendant would be denied the right to jury trial if this action is entertained.

Of course we are not called upon to decide what our holding would be on the question of the trial court's discretion if it had been exercised against entertaining the action and ground 6 of the motion to dismiss had been sustained. Indeed we may assume, without so holding, the trial court could in the exercise of its discretion have declined to entertain the case. We repeat, however, it was not compelled to do so.

Our holding is not inconsistent with Melsha v. Tribune Pub. Co., 243 Iowa 350, 51 N.W.2d 425, the only Iowa decision in a declaratory-judgment action cited by defendant. In the cited case there was no controversy between plaintiff and defendant upon which declaratory relief was sought. Plaintiff's controversy was with stockholders of defendant-corporation who were not made parties to the action. The absence of necessary parties is a good ground for denying declaratory relief. Borchard, page 255 et seq., 299; 26 C. J. S., Declaratory Judgments, section 121; 16 Am. Jur., Declaratory Judgments, section 61.

V. Grounds of defendant's motion to dismiss, other than ground 6, relate to the merits of the controversy and raise the question that plaintiff is not entitled to a judgment holding the alleged oral contract valid. As stated, it is now argued in support of these grounds that the petition shows the contract lacks consideration and mutuality of obligation and no recovery may be had for loss of profits from failure of a partner or joint venturer to furnish capital as agreed.

As Division IV hereof points out, the merits of the controversy should not be determined on a motion to dismiss an action for declaratory relief in advance of trial. Also as indicated, even if plaintiff may be wrong on the merits of the controversy and the alleged oral contract is not valid, a declaration to that effect may "terminate the uncertainty or controversy giving rise to the proceeding" within the terms of rule 265 and such a declaration may be made.

Whitworth v. Heinzle, 246 Iowa 1155, 1159, 70 N.W.2d 536, 539, was an action for declaratory judgment to construe a divorce decree and separation agreement. We reversed the sustaining of a motion to dismiss the petition and stated: "We ignore that part of the trial court's ruling where the court 'finds', in effect, for the defendant on the merits of the controversy. That issue could not be decided when ruling on the motion to dismiss the petition."

Wesselink v. State Department of Health, supra, 248 Iowa 639, 646, 80 N.W.2d 484, 488, from which we quote in Division IV hereof, is much to the same effect.

Of course, a motion to dismiss is the substantial equivalent of a demurrer.

26 C. J. S., Declaratory Judgments, section 141, states: "However, demurrer has been held to be rarely appropriate in a declaratory judgment action; * * *. So, the general rule is that where plaintiff's pleading * * * sets forth an actual or justiciable controversy * * * it is not subject to demurrer, since it sets forth a cause of action. This is true even though plaintiff is not entitled to a favorable declaration on the facts stated in his complaint * * * since, in passing on the demurrer, the court is not concerned with the question whether plaintiff is right in the controversy, but * * * with whether he is entitled to a declaration of rights with respect to the matters alleged." See also Idem, section 142c, page 342; Columbia Pictures Corp v. DeToth, supra, 26 Cal.2d 753, 161 P.2d 217, 220, 162 A. L. R. 747, 753.

16 Am. Jur., Declaratory Judgments, section 64, says, "* * * it is clear that the complaint need not state what would be a cause of action apart from the statute. It should, however, disclose the existence, or at least the ripening seeds, of an actual controversy * * *."

Defendant says in argument, "In substance the question presented is that of ascertaining the validity of the alleged contract in light of the law applicable thereto, taking the allegations of the petition as a verity." Rule 262 permits any person interested in an oral contract or whose rights are affected thereby to have determined *any* question of its validity or arising thereunder and obtain a declaration of rights thereunder.

For reasons we have tried to explain, we hold it was error to sustain the grounds of the motion to dismiss, other than ground 6, which assert plaintiff is not entitled to prevail on the merits of the controversy. We consider no grounds of the motion other than those alleged. Herbst v. Treinen, supra, 249 Iowa 695, 702, 88 N.W.2d 820, 824, and citations; Markman v. Hoefer, 252 Iowa 118, 122, 106 N.W.2d 59, 62.

For further proceedings not inconsistent herewith the cause is—Reversed and remanded.

All JUSTICES concur.