**IN THE COURT OF APPEALS OF IOWA**

No. 14-0572
Filed July 9, 2015


**FOGE INVESTMENTS, L.L.C. and AJR PEAKVIEW, INC.,**
    Plaintiffs-Appellants,

**vs.**

**FIRST NATIONAL BANK OF WAHOO, NEBRASKA,**
    Defendant-Appellee.
_____


Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.


FoGe Investments, LLC, appeals from the district court's decree in which it entered sanctions with regard to the counterclaim of First National Bank of Wahoo, Nebraska. **AFFIRMED.**


John O. Haraldson of Sellers and Haraldson, Des Moines, for appellants.

Thomas O. Ashby of Baird Holm, L.L.P., Omaha, Nebraska, for appellee.


Heard by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

FoGe Investments, LLC, and AJR Peakview, Inc. (together "FoGe"), appeal from the district court's decree granting sanctions against it and its counsel, which included a judgment in favor First National Bank of Wahoo, Nebraska (First National), as well as monetary sanctions. We conclude that, due to FoGe's lack of compliance with the rules of civil procedure, the court did not abuse its discretion when issuing the sanctions. Consequently, we affirm the decree of the district court.[1]

**I. Factual and Procedural Background**

Marvin Thomason is the managing member of FoGe and the president of AJR Peakview. Thomason, through FoGe, purchased property located in Sioux City, Iowa, and borrowed funds under a 2002 promissory note and secured by a mortgage to First National. First National is a limited liability company, with its principal place of business and incorporated in Nebraska.

In late 2012, FoGe filed several actions against First National in Nebraska small claims court, based on the underlying note. FoGe was not represented by counsel, but rather, Thomason attempted to represent the corporations by proceeding "pro se." These claims were consolidated, transferred to district court, then dismissed for failure to prosecute due to Thomason's failure to secure legal counsel. The Nebraska Court of Appeals likewise dismissed Thomason's subsequent appeal for want of representation by licensed legal counsel. In May

---

[1] Following oral arguments, First National filed a motion for our court to take judicial notice of FoGe's bankruptcy proceedings, following the close of the record in the current proceedings. Finding these filings not relevant to the issue before us on appeal, we deny First National's motion.

2013 Thomason, on behalf of FoGe, filed four claims against First National in small claims court in Iowa. First National moved for consolidation of the claims and the case was transferred to district court.

On June 5, 2013, First National filed an answer and counterclaim to FoGe's petition. The counterclaim requested the court enter a declaratory judgment ordering FoGe to pay First National's attorney fees. Thomason, still attempting to proceed without counsel, filed an answer to First National's counterclaim disputing the merits. First National then moved to strike the answer and compel Thomason to obtain an attorney, pursuant to *Hawkeye Bank and Trust National Assoc. v. Baugh Family Farms, Inc.*, 463 N.W.2d 22, 25 (Iowa 1990). The district court sustained the motion on July 15, 2013, ordering FoGe to obtain counsel within thirty days, and further stating "all other motions are overruled," thereby denying the motion to strike FoGe's answer. Attorney Aaron Rodenburg entered an appearance on behalf of FoGe on September 17, 2013, but then moved to withdraw on November 25, citing "irreconcilable breakdown of communication between counsel and Plaintiffs." An order granting the motion was filed on December 2. The court further ordered FoGe to obtain new counsel by December 30, extending the deadline to file any amended pleadings to that date. On December 29, FoGe obtained the representation of attorney Joseph Fernandez.

Through its attorney, FoGe filed a motion captioned: "Application for Continuance of Trial Date and Trial-Related Deadlines" on January 2, 2014. Within this motion, FoGe stated:

[G]iven Dr. Ashby's concession that Wahoo doesn't incur attorney fees, costs or expenses, instead just passing them off onto FoGe based on dubious authority, Wahoo should not be heard to complain about the attorney fees, costs and expenses it has allegedly incurred thus far because thus far Wahoo has treated its attorney fees as FoGe's.

On January 13, FoGe filed a dismissal without prejudice of the consolidated claims against First National. On January 14, First National filed a "Notice Concerning Counterclaim" stating:

[N]otice of its intent to seek a decree on its Counterclaim. Plaintiffs have not responsively pleaded, by a licensed attorney, to the Counterclaim. Defendant believes Plaintiffs are in default of the Counterclaim and that there [sic] "pro se" Answer to Defendant's Defenses filed on or about June 14, 2013, does not remove such default.

FoGe responded by filing the following:

COME NOW the counterclaim defendants, FoGe Investments, L.L.C. and AJR Peakview, Inc., and for their notice regarding counterclaim plaintiff, First National Bank of Wahoo, Nebraska's notice concerning counterclaim (and request for telephonic hearing), state as follows:
No.

The pretrial conference had been previously set by an order filed June 19, 2013. On February 3, 2014, the pretrial conference proceeded as scheduled. Neither a representative of FoGe nor FoGe's counsel appeared, though the court attempted to call counsel. First National was present and requested the court enter a favorable judgment on its counterclaim and further requested the court sanction FoGe. FoGe's counsel returned the district court's phone call later in the afternoon. According to counsel, the court explained to him what had transpired at the pretrial conference and that the court intended to enter

judgment in favor of First National. FoGe's counsel claimed he had missed the pretrial as he had been meeting with his client, preparing for trial.

An affidavit of attorney fees was filed on February 6, 2014, in which Thomas Ashby, attorney for First National, stated his law firm had incurred attorney fees in the amount of $26,340.57 defending against FoGe's many law suits, all pertaining to the same note and mortgage instruments. Also on February 6, the district court entered an order finding: (1) FoGe had failed to file an answer to First National's counterclaim; (2) judgment was warranted on First National's attorney-fee counterclaim "under the circumstances"; (3) the award of attorney fees in the amount of $26,340.57 was reasonable; (4) FoGe did not appear at the pretrial conference and this absence was not substantially justified; and (5) sanctions in the amount of $500 both to FoGe's attorney and FoGe were warranted pursuant to Iowa Rule of Civil Procedure 1.602(5).

FoGe filed a motion to amend or enlarge or set aside default judgment.[2] First National also filed a motion for order nun pro tunc to correct a scrivener's error. In January and February 2014, following the motion to amend or enlarge, several bluntly-worded emails were sent to First National's counsel from FoGe's

---

[2] This motion contained the following: "The court completely abdicated her role as an Iowa trial judge by assigning it, and got back an ugly pig, which didn't get prettier when the lipstick [sic] added the lipstick that is her signature."

counsel.[3]  These were entered into the record.  On March 12, 2014, the district court heard both motions.  In an order filed March 12, 2014, the court denied FoGe's motion and granted First National's motion, after which it entered its substituted decree to correct the scrivener's error.  The substituted decree did not contain a finding that FoGe failed to file an answer to First National's counterclaim.  FoGe appeals.[4]

## II. Standard of Review

To the extent we are reviewing the interpretation of our rules of civil procedure, our review is for correction of errors at law.  *Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511, 514–15 (Iowa 2012).  However, to the extent the district court entered judgment in favor of First National as a sanction against FoGe, its discretion is more narrow.  *See In re Marriage of Williams*, 525 N.W.2d 126, 129

---

[3] The following are excerpts from the emails:

> Hey Kids: Peace be to you.  I can't believe that when the Judge hands you this case, you're so incompetent that you can't even get a 4-page slam-dunk decree written correctly.  For your assistants' reading pleasure, attached please find my motion to amend or enlarge, together with attachments.  In the meantime, just to keep yourselves in a fit mental condition, maybe you can stare at a wall or do something intellectually challenging like that.
>
> In other words, he sent me what I told him not to send me: a sh** sandwich.  I didn't eat it.  Plus, I didn't get many of the questions I asked answered.  Moreover, the deadline for eating his solid waste was three (3) days ago.
>
> Indeed this is just you and me girls talking . . . .  If that is not clear to you then let me put this in terms that even you cannot misconstrue: Answer the questions with substantive answers, without bullsh**, then we'll talk . . . .  So, answer these questions fully and completely to my satisfaction, or not.  If not, I'm happy to walk out of the courtroom in Council Bluffs with your hairy a** in my brief case.

[4] The notice of appeal was filed pro se.  An order was issued stating that, because the appellant was a corporation, it needed to be represented by an attorney.  First National filed a motion to dismiss, after which an appearance by an attorney was filed on behalf of FoGe.  Our supreme court then denied First National's motion to dismiss and allowed the appeal to proceed.  We further note that substantial compliance is all that is required to render the notice of appeal adequate.  *See State v. Birch*, 306 N.W.2d 781, 782–83 (Iowa 1981).

(Iowa 1999) (stating a default judgment as a sanction may only be entered due to "a party's noncompliance with a court's discovery orders [because] of willfulness, fault, or bad faith"); *see also Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 425 (Iowa 1982) (noting "the range of discretion is narrowed" when the sanction is an adverse judgment). We review the imposition of sanctions for an abuse of discretion. *See Breitback v. Christensen*, 541 N.W.2d 840, 845 (Iowa 1995).

## III. Sanctions

### A. Grant of First National's Counterclaim

FoGe first argues the district court improperly ruled favorably on First National's counterclaim, asserting the court primarily based its judgment on FoGe's failure to appear at the pretrial conference. FoGe also disputes the merits of the counterclaim.[5] At oral arguments, FoGe further asserted the court erred when it dismissed its claim with prejudice.[6]

Iowa Rule of Civil Procedure 1.602(5) states the district court may enter sanctions if a party or its attorney:

> [F]ails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the court, upon motion or the court's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in rule 1.517(2)(b)(2)–(4). In lieu of or in addition to

---

[5] FoGe further asserts the court "erroneously abdicated the work to one side in a dispute" when adopting the proposed order of First National with regard to the default judgment and sanctions. However, the proposed order is not in the record, and therefore FoGe has waived this argument, given we have no ability to compare the orders and therefore reach the merits. *See generally Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 866 (Iowa 2001).

[6] This claim was only raised at oral arguments. The district court made no specific ruling on this issue, and neither FoGe's brief nor reply brief contained argument with regard to the court's purported ruling. Consequently, this issue is waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

any other sanction, the court shall require the party or the attorney representing that party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the court finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

As referenced in the above paragraph, rule 1.517(2)(b)(2)–(4) also governs the court's ability to issue its choice of sanctions. It states:

> If a party or an officer, director, or managing agent of a party or a person designated under rule 1.707(5) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under rule 1.515 or rule 1.517(1), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing designated matters in evidence.
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party.*
>
> (4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Iowa R. Civ. P. 1.517(2)(b)(2)–(4) (emphasis added).

Within the parameters of these rules, the district court's entry of a default judgment as a sanction was proper. FoGe was given the opportunity to protest the imposition of the court's sanctions in the hearing on the motion to amend, enlarge, or set aside the default judgment. Nothing that was made part of that record convinced the court FoGe's conduct should be excused such that the sanctions should be lifted or amended. Specifically, the court stated:

> Well, counsel, in order to overcome the fact that plaintiff did not appear at the pretrial conference, I would have to find that there was excusable neglect, mistake, etcetera; and I do not find that

there was excusable neglect or mistake in regard to the failure to appear for that pretrial conference

Counsel knew that that conference was set for February 3rd. It had been set for months. Counsel knew that the motion to continue the trial had been overruled, that we were going to trial February 13th. Attendance at the pretrial conference was important and should have happened.

Had this been the first and only time that there had been delay, then the sanction of granting the counterclaim might be extreme. But the Court has discretion at the point when plaintiff failed to appear for that pretrial conference. The sanctions could include and did up to granting judgment on the counterclaim at that time.

In my review of the file, I considered the defense, if any, raised in the counterclaim. I found that the counterclaim had merit, and I granted the counterclaim as a sanction for failure to appear at the pretrial conference. This was not a default judgment. It was a discretionary entry of judgment against the litigant for failure to appear.

Additionally, as part of its written ruling, the district court held FoGe and counsel should be sanctioned because: "Plaintiffs and plaintiffs' counsel failed to appear at the pretrial conference. The absence of plaintiffs and/or plaintiffs' counsel was not substantially justified and this court is not aware of other mitigating circumstances for the failure to appear." Imposing the sanction of the default judgment was well within the court's discretion based on this conduct, given FoGe failed to obey a pretrial order without good cause. *See* Iowa R. Civ. P. 1.602(5). Moreover, the rules also permit the specific sanction of the default judgment. *See* Iowa R. Civ. P. 1.517(2)(b)(3). Consequently, we affirm the district court's order granting, as a sanction against FoGe, First National's counterclaim.

## B. Monetary Sanctions

FoGe's final argument asserts the district court abused its discretion when ordering monetary sanctions against FoGe's counsel and FoGe. Specifically, it

argues its one-time absence at the pretrial conference did not warrant the ordered sanctions.

We do not agree. As noted previously, Iowa Rule of Civil Procedure 1.602(5) allows the district court to impose sanctions when a party is absent from a pretrial conference. FoGe does not dispute that it did not appear at the February 3 conference and the district court did not find the absence either "substantially justified" or supported by "other mitigating circumstances." Furthermore, rule 1.602(5) allows sanctions against a party as well as the party's attorney. *See id.* ("In lieu of or in addition to any other sanction, the court shall require *the party or the attorney representing that party or both* to pay the reasonable expenses incurred (emphasis added)). Consequently, under Rule 1.602(5), the district court was well within its discretion when sanctioning FoGe and counsel for failure to appear.[7]

FoGe further disputes the adequacy of First National's affidavit establishing the requested attorney fees, as well as the jurisdictional authority under our case law to enter such a sanction.

As an initial matter, FoGe is correct that an affidavit of attorney fees must be filed so the district court may determine the proper amount of attorney fees. *See Van Sloun*, 778 N.W.2d at 183 ("[W]e have consistently held that such an affidavit is a prerequisite to taxation of attorney fees as cost" and the lack of an

---

[7] We further note that one of the goals of sanctions "is to maintain a high degree of professionalism in the practice of law." *See Christenson*, 541 N.W.2d at 845. Contrary to FoGe's version of the facts, the record is replete with instances of FoGe's unprofessional conduct including, but not limited to, the expletives used in the email communications with opposing counsel, the condescending tone of all communications with the court and opposing counsel, and the pursuit of several meritless claims. Given FoGe's misconduct, we cannot say the district court abused its discretion when sanctioning FoGe and its counsel. *See id.*

affidavit "limits [the district court's] authority to tax attorney's fees to those cases where the affidavit has been filed." (Internal citation omitted)). However, that prerequisite has been met here. First National's counsel filed an affidavit on February 6, 2014, which is present in the record. The district court noted this in its order and further stated it found the calculation of these fees to be reasonable. Consequently, FoGe's argument in this regard is without merit.

Furthermore, we do not agree with FoGe's contention the district court did not have the jurisdictional authority to order FoGe to pay attorney fees incurred while First National was litigating FoGe's suit in Nebraska. A district court has jurisdiction to rule on declaratory judgments when its jurisdiction has been properly invoked. *See City of Des Moines v. Des Moines Police Bargaining Unit Ass'n*, 360 N.W.2d 729, 730 (Iowa 1985). Here, the district court had jurisdiction to enter a ruling on the declaratory judgment, specifically with regard to whether FoGe was responsible for paying attorney fees. *See id.* at 730–31. This was a ruling in which the district court reviewed the record and found First National had incurred $26,340.57 in attorney fees. Though some of these expenses occurred while it was defending FoGe's suits in Nebraska, it was all related to the consolidated law suits on the loan documents, over which the district court had obtained jurisdiction. *See id.* at 730. Consequently, the court properly ordered FoGe to pay all attorney fees associated with First National's defense against FoGe's suits as part of the imposition of sanctions.

For these reasons, we affirm the district court's decree imposing sanctions against FoGe and its counsel.

**AFFIRMED.**